**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **JAMES E. & PAMELA RENE REED** | ) | **CASE NO. 12-50163** |
| | ) | **CHAPTER 11** |
| **DEBTORS** | ) | |

## FIRST AMENDED PLAN OF REORGANIZATION

COME NOW James E. & Pamela Rene Reed ("Debtors"), Debtors in the above styled and numbered case and pursuant to 11 U.S.C. Section 1121(a), hereby submit the following First Amended Plan of Reorganization (the "Plan"). The Plan is one of self-liquidation, by which the Debtors have liquidated or will liquidate their assets by order of the court and will pay their creditors to the extent possible from the cash so created. The liquidation will be pursuant to court control and by coordination and consultation with the largest unsecured creditors, the secured creditors and the U. S. Trustee's Office. The interested parties herein shall be dealt with by Class as follows:

ARTICLE I
CLASSIFICATION OF CLAIMS IN INTEREST

1.1 Class 1. All of the actual and necessary costs and expenses of administration and claims against the estate entitled to priority in accordance with Section 503(b) and Section 507(a)(1) of the Code. Claims in the approximate amount of $50,000.00, with the only known claimants being Debtors' Counsel, Accountant and the Department of Justice.

1.2 Class 2. Claims in the amounts of $ 13,522.54 and $14,198.79 (estimate for 2013) and $ 342.17 for ad valorem taxes on various properties, with the only known claimants being Bowie County Central Appraisal District and Pike County Collector.

1.3 Class 3. Claim in the amount of $ 86,483.94, secured by real property at 470 Blocker Lane, Nash, Texas, with the only known claimant being Peoples State Bank.

1.4 Class 4. Claim in the amount of $ 20,326.41, secured by a 2010 Toyota Tundra, with the only known claimant being Toyota Motor Corporation.

1.5 Class 5. Claim in the amount of $ 22,010.28 secured a 2008 Honda Accord, with the only known claimant being Compass Bank.

1.6 Class 6. Claim in the amount of $ 10,169.55 secured a 2007 Nissan Xterra, with the only known claimant being Chase Bank.

1.7 Class 7. Claim in the amount of $ 40,369.12 secured by a 1991 John Deere Bulldozer, with the only known claimant being Wells Fargo Bank.

1.8 Class 8. Claim in the amount of $1,752,071.00, secured by approximately 18.93 acres on I-30 frontage road, Nash, Texas, with the only known claimant being 1st Bank, a Division of First National Bank. (Debtors own an undivided 50% interest in the property.)

1.9 Class 9. Claims in the amount of $197,536.25 and $ 54,886.26 for a total amount of $252,422.51, secured by a first and second lien on a 211 acre tract in Little River County, AR with the only known claimant being Bancorp South.

1.10 Class 10. Claims in the amount of $186,872.10 and $ 45,787.18 for a total amount of $232,659.28, secured by a first and second lien on 1950 acres in Little River County, AR (R&L Ranch) with the only known claimants being Farm Credit Services of Western Arkansas, FLCA and Farm Credit Services of Western Arkansas, PCA.

1.11 Class 11. Claims in the approximate amount of $190,835.67 representing the allowed unsecured claims of Creditors. The only known members of this class are listed on the attached **Exhibit A.**

1.12 Class 12. Equity Holders shall receive no distribution until all claims in senior classes are paid in full, with the only Claimants being James E. And Pamela Rene Reed, Debtors herein.

1.13 Nothing contained in this Plan shall constitute or be construed as an admission as to the validity or amount of any claims classified herein.

ARTICLE II
TREATMENT OF CLAIMS IN INTEREST UNDER THE PLAN

2.1 Class 1. Except to the extent that the holder of such claim agrees otherwise, the Class 1 claim shall be paid by the Plan Administrator in full from net proceeds of sales as properties close. All professional fees are subject to the approval of this Court.

2.2 Class 2. The holders of the Class 2 claims (Bowie County Central Appraisal District and Pike County Collector) shall retain their liens and the allowed claims shall be paid by the Plan Administrator from the proceeds of sales as properties close or within 24 months of the effective

date of the plan, whichever is sooner. (Unimpaired)

2.3 Class 3. The holder of the Class 3 claim (Peoples State Bank) shall retain its lien in the real property at 470 Blocker Lane, Nash, Texas and shall be paid its allowed claim under the terms of the original note, less any adequate protection payments, until paid in full. This property is a rental unit. Creditor holds a security interest in the real estate and rents. Payments on this claim will continue to be paid from rents. (Unimpaired)

2.4 Class 4. The holder of the Class 4 claim (Toyota Motor Credit) shall retain its lien in the 2010 Toyota Tundra and shall be paid under the terms of the original note, less any adequate protection payments, until paid in full. All arrearage, if any, shall be added to the principal of the note. The vehicle securing this property has been allowed as exempt and is no longer property of the estate. (Unimpaired)

2.5 Class 5. The holder of the Class 5 claim (Compass Bank) shall retain its lien in the 2008 Honda Accord and shall be paid under the terms of the original note, less any adequate protection payments, until paid in full. All arrearage, if any, shall be added to the principal of the note. The vehicle securing this property has been allowed as exempt and is no longer property of the estate. (Unimpaired)

2.6 Class 6. The holder of the Class 6 claim (Chase Bank) shall retain its lien in the 2007 Nissan Xterra and shall be paid under the terms of the original note, less any adequate protection payments, until paid in full. All arrearage, if any, shall be added to the principal of the note. (Unimpaired)

2.7 Class 7. The holder of the Class 7 claim (Wells Fargo Bank) shall retain its lien in the 1991 John Deere Bulldozer and shall be paid its allowed secured claim in the amount of $16,000.00 at 4% amortized over 60 months with the first payment due 30 days after the Effective Date of the Plan and a like payment due each month thereafter until paid in full. The balance of the claim shall be treated as unsecured under Class 11, below. Adequate protection payments are being made by court order. (Impaired)

2.8 Class 8. The holder of the Class 8 claim (1st Bank, a Division of First National Bank) shall retain its lien in the 18.93 acres located on I-30 frontage road, Nash, Texas and shall be paid in full from the sale of the property or from the net proceeds of the sale of Debtors' other property or within 12 months of the Effective Date of the Plan, whichever is sooner. (Impaired)

2.9 Class 9. The holder of the Class 9 claims (Bancorp South) shall retain its liens in the 211 acre tract in Little River County, AR and shall be paid in full from the sale of the property or within 12 months of the Effective Date of the Plan, whichever is sooner. (Impaired)

2.10 Class 10. The holder of the Class 10 claims (Farm Credit Services of Western Arkansas, FLCA and Farm Credit Services of Western Arkansas, PCA ) shall retain its liens in the 1950 acres in Little River County AR (R&L Ranch) and shall be paid in full from the sale of approximately 1654 acres of the 1950 acres or within 12 months of the Effective Date of the Plan, whichever is sooner. FCS's claims are cross collateralized so that the 1950 acres, more or less (the FCS "Collateral")secure the entire amounts of both claims within this class.(i.e., Claim Nos. 20-1 and 21-1). FCS liens on the FCS Collateral shall not be released unless and until the entire amount of Class 10 claims are paid in full within 12 months of the Effective Date of the Plan, the stay will automatically lift to allow FCS to sell the FCS Collateral and apply the proceeds to the amounts owed or incurred in connection with Debtors' loans with Debtors' loans with FCS, which amounts include among other things, all allowed post-petition interest and post-petition attorneys' fees, costs and expenses. (Impaired)

2.11 Class 11. The holders of the Class 11 claims are the unsecured creditors of the estate, who shall be paid on a pro-rata basis of all remaining cash generated by the sale of properties as they are sold. "Remaining Cash" here means that fund left after the payment of all claims identified in Classes 1-10 above. (Impaired)

2.12 Class 12. The holders of the Class 12 Claims are the Debtors, James E. and Pamela Rene Reed, who shall receive the net proceeds remaining after payment of all classes above.

## ARTICLE III

## MISCELLANEOUS PROVISIONS

3.1 All leases, if any, are rejected.

3.2 All liens other than those identified in the Plan shall be avoided on the effective date of the Plan. Debtors are not aware of any.

3.3 Until all funds have been distributed to creditors in accordance with the terms of this Plan, the Court shall retain jurisdiction to insure that this Plan is carried out and to determine any other matters in connection with this case, including, but not being limited to the following:

(a) Determining all valid liens and claims, as well as the amounts, against the Debtors, and their property;

(b) Allowing Debtors to enforce after confirmation any claims or causes of action which exist in the Debtors' favor as Debtors in Possession and which may not have been previously enforced by the Debtor;

(c) Settling any disputes between the Debtors and their creditors;

(d) Continuing jurisdiction, staying enforcement of any claims or liens until consummation of their Plan;

(e) Retaining jurisdiction to enter orders in aid of consummation of the Plan;

(f) Retaining such other jurisdiction as will insure that the intent and purposes of this Plan are fulfilled.

3.4 Debtors shall have the authority, after confirmation, to carry out the intent and purposes of this Plan without further order of this Court.

3.5 All claims and causes of action in favor of the Debtors as Debtors in Possession are hereby reserved to be prosecuted after confirmation.

3.6 Whenever the word, "confirmation" is used in this Plan, it is intended to mean that date upon which the order confirming this Plan is entered by this Court becomes final and unappealable.

3.7 Debtors shall act as the disbursing agents under this Plan.

3.8 Notwithstanding anything contained hereinabove, Debtors reserve the right to object to and/or defend against any and all claims filed in this cause.

Respectfully submitted,

THE MOORE LAW FIRM, L.L.P.

/s/ Bill F. Payne
BILL F. PAYNE, SBN 15649500
100 North Main Street
Paris, TX 75460
Telephone 903/784-4393
Facsimile 903/785-0312

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing First Amended Plan of Reorganization has been sent by electronic transmission and/or first class mail to the U. S. Trustee's Office, 110 N. College, Suite 300, Tyler, Texas 75702, the Debtors, James E. & Pamela Rene Reed, 6711 Ridgecrest Place, Texarkana, Texas 75503 and to all parties filing an electronic notice on August 9, 2013.

/s/ Bill F. Payne
Bill F. Payne

REED UNSECURED CREDITORS
EXHIBIT "A"

| NAME | | PER SCHEDULES | PER POC/SCHEDULES | | |
|---|---|---|---|---|---|
| AFNI | | 5700.00 | 5700.00 | | Disputed |
| American Express | | 5362.05 | 5362.05 | *POC | |
| AT&T Universal | | 25000.00 | 25000.00 | | |
| Bank of America | 9334 | 5,517.78 | 5515.78 | *POC | |
| Bank of America | 2692 | 4800.00 | 5871.12 | *POC | |
| Bank of America | 8856 | 3515.71 | 3515.71 | *POC | |
| Chase | 6593 | 13500.00 | 13500.00 | | |
| Chase | 7849 | 9,556.06 | 9556.09 | | |
| Chevron | | 1349.16 | 1489.57 | *POC | |
| Citicards | | 4738 | 4738.00 | | |
| Dept Store Nat'l Bank/Macy's | | 167.23 | 204.18 | *POC | |
| Dillards | 4965 | 4448.67 | 4639.46 | *POC | |
| Discover | 9002 | 3951.65 | 3951.65 | *POC | |
| Discover | 7380 | 3316.31 | 3951.65 | *POC | |
| DSRM/Valero | | 842.94 | 842.94 | | |
| FIA | | 4000.00 | 4000.00 | | |
| First Nat'l Bank of Omaha | | 19808.02 | 18995.01 | *POC | |
| GECRB/Dillards | 9395 | 1890.00 | 1980.13 | *POC | |
| HSBC/Best Buy | 148 | 1860.09 | 2007.28 | *POC | |
| JCPenney | 861 | 51.00 | 51.00 | | |
| JCPenney | 5525 | 857.90 | 798.86 | *POC | |
| Jordan Law Firm | | 22777.53 | 20358.12 | *POC | |
| Kohl's | | 1262.02 | 1261.02 | | |
| Regions Bankcard | | 3711.34 | 3,756.90 | *POC | |
| Sears | | 6,400.00 | 6,400.00 | | |
| TLRA | | 1009.08 | 1009.08 | | |
| Toyota Financial | 9618 | 6430.68 | 6465.68 | *POC | |
| Wal Mart | | 4478.82 | 5392.52 | *POC | |
| Wells Fargo | | 40,000.00 | 24369.12 | *POC | |
| WFNNB | | 152.75 | 152.75 | | |
| | | | | | |
| Totals | | 206454.79 | 190835.67 | | |